UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMONAE LEWIS,

        Plaintiff,

   v.                                   CAUSE NO. 3:22-CV-215-DRL-MGG

SIMIK *et al.*,

        Defendants.

OPINION AND ORDER

This case was initiated in the Southern District of Indiana when that court received a "Notice of Tort Claim" from Demonae Lewis, a prisoner without a lawyer, about photographs that were allegedly destroyed without his permission and against prison policy by staff at the Westville Correctional Facility. ECF 1. It was transferred to this district, where Westville is located. ECF 6. Because it was not clear whether Mr. Lewis intended to initiate a federal lawsuit by sending in that state form, he was instructed that if he wanted to continue this lawsuit, he needed to submit a complaint on the court's approved prisoner complaint form. ECF 9. He has done so, and that amended complaint is ready to be screened. ECF 10.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Lewis alleges that in September 2021, his family sent him photographs. Per prison policy, Mr. Lewis received copies of the pictures, and he was supposed to have the option of sending the original back home at his own cost. *See* Policy and Administrative Procedure 02-01-103, Offender Correspondence, at p.11 effective date Mar. 15, 2021, available at https://www.in.gov/idoc/files/02-01-103-Off-Corr-3-15-2021.pdf (last visited Jul. 148, 2022). He alleges that the mail room staff destroyed the originals without his permission, though he had the funds necessary to send them home. He seeks $25.00 for each picture that was destroyed.

The constitutional provision at issue here is the Fourteenth Amendment, which provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" However, though Mr. Lewis' original photographs were allegedly destroyed without his permission, he does not state a claim for a deprivation of property without due process. Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by

2

providing due process of law after the harm occurred. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). The existence of the Indiana Tort Claims Act means that Mr. Lewis cannot bring a federal case for a violation of his federal due process rights.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, Mr. Lewis' recourse for the alleged harm lies in the state law procedures, not a federal lawsuit.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

July 19, 2022                                   *s/ Damon R. Leichty*
                                                Judge, United States District Court